NEW YORK,
May, 1825.

Snyder
v.
Snyder.

---

## SNYDER *against* SNYDER.

Where the
plaintiff neg-
lected to reply
to a plea of
the statute of

G. A. SHUFELDT, for the defendant, moved to set aside
the verdict, &c. in this cause for irregularity; upon affidavits
showing these facts: that the declaration contained three

limitations ; and went to trial upon a *nisi prius* record omitting it ; but the defendant had the
full benefit of a defence upon the statute, at the trial ; the court refused to set aside a verdict
for the plaintiff for irregularity ; but suffered him to amend.

counts; the first upon a promissory note, the second for goods sold, &c. and the third for money lent, &c. That to the 1st count, the defendant pleaded the general issue, and to the 2d and 3d, the statute of limitations; and that without replying to this last plea, the plaintiff noticed the cause for trial, and tried it upon the *nisi prius* record, containing no plea except the general issue; but the defendant appeared by his counsel at the trial, and with the plaintiff's consent, insisted upon, and had the full benefit of the statute of limitations in his defence, as if an issue had been joined upon the plea. Verdict for the plaintiff.

*K. Miller*, contra, insisted that it was too late for the defendant to make this objection, after having appeared at the trial, and taken the full benefit of the defence upon the statute. He had sustained no injury. At any rate, the Court would allow the plaintiff to amend, by filing a replication *nunc pro tunc*, and amending the *nisi prius* record accordingly. And

*The Court* were clear, that the amendment, as prayed by Mr. Miller, should be granted.

Rule accordingly.*(a)*

(a) The same point was virtually decided by the English Common Pleas, in the late case of *Cooke* v. *Burke*, (5 Taunt. 164.) There, to debt on judgment, the defendant pleaded three pleas to the whole action; the plaintiff omitted to reply to the second which required a replication, being special. The cause was tried and a verdict found for the plaintiff on all the pleas; but because there was no issue on the second, the defendant moved in arrest of judgment. The merits of the second plea having been tried, the court permitted the plaintiff to amend by filing a replication, and would not allow a new trial. And see 2 Saund. 319, note (6) by Sergt. Williams; and *Grundy* v *Mell*, 4 B. & P. 28, often cited as 1 New Reports. The principal case seems to be within the statute of amendments and jeofails. (1 R. L. 118,